**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMY CHAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>NEW ORIENTAL EDUCATION & TECHNOLOGY GROUP INC., MICHAEL MINHONG YU, CHENGGANG ZHOU, and ZHIHUI YANG,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Amy Chan, individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's Complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of Securities and Exchange Commission ("SEC") filings by New Oriental Education & Technology Group Inc. ("New Oriental" or the "Company"), as well as media and analyst reports about the Company.

1

Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.       This is a federal securities class action on behalf of a class consisting of all persons and entities, other than Defendants and their affiliates, who purchased or otherwise acquired New Oriental American Depositary Shares ("ADSs") from September 27, 2016 through December 1, 2016, both dates inclusive ("Class Period"), seeking to recover compensable damages caused by Defendants' violations of federal securities laws and pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.       The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

3.       This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

4.       Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b) as a substantial part of the conduct complained of herein and subsequent damage occurred in this District.

5.       In connection with the acts, conduct and other wrongs alleged herein, Defendants either directly or indirectly used the means and instrumentalities of interstate commerce, including but not limited to the United States mails, interstate telephone communications, and the facilities of the national securities exchange.

## PARTIES

6. Plaintiff Amy Chan, as set forth in the attached PSLRA Certification, acquired New Oriental ADSs at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

7. Defendant New Oriental is a Cayman Islands corporation headquartered in Beijing, People's Republic of China ("PRC"). New Oriental provides private educational services under the New Oriental brand in the PRC. New Oriental ADSs trade on the New York Stock Exchange ("NYSE") under the ticker symbol "EDU."

8. Defendant Michael Minhong Yu ("Yu") is the founder of the Company, was previously the Company's Chief Executive Officer ("CEO") from 2001 to September 2016 and has served as the Company's Executive Chairman since 2001.

9. Defendant Chenggang Zhou ("Zhou") has served as a director of the Company since March 2007 and the Company's CEO since September 2016.

10. Defendant Zhihui Yang ("Yang") has served as the Company's CFO since April 2015.

11. Collectively, Defendants Yu, Zhou, and Yang are herein referred to as the "Individual Defendants."

12. Collectively, Defendant New Oriental and the Individual Defendants are herein referred to as "Defendants."

13. Each of the Individual Defendants:

    a. directly participated in the management of the Company;

    b. was directly involved in the day-to-day operations of the Company at the highest levels;

    c.    was privy to confidential proprietary information concerning the Company and its business and operations;

    d.    was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

    e.    was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

    f.    was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

    g.    approved or ratified these statements in violation of the federal securities laws.

14. New Oriental is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency as all of the wrongful acts complained of herein were carried out within the scope of their employment with authorization.

15. The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to New Oriental under *respondeat superior* and agency principles.

## SUBSTANTIVE ALLEGATIONS

### Defendants' False and Misleading Class Period Statements

16. On September 27, 2016, the Company filed a Form 20-F for the fiscal year ended May 31, 2016 (the "2015 20-F") with the SEC, which provided the Company's year-end financial results and position and stated that the Company's internal control over financial reporting was effective as of May 31, 2016. The 2015 10-F was signed by Defendant Zhou. The

4

2015 10-F also contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Zhou and Yang attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting, and the disclosure of all fraud.

17. The 2015 20-F stated the following with regards to New Oriental's college counseling services:

> *Overseas Studies Consulting*. Our consultants help students through the application and admission process for overseas educational institutions and provide useful college, graduate and career counseling advice to help students make informed decisions. We also counsel students with the immigration process for overseas studies, such as obtaining visas and housing. We charge each student a fee based on the scope of consulting services requested by the student.

18. The statement referenced in ¶¶ 16 – 17 above was materially false and/or misleading because it misinterpreted and failed to disclose the following adverse facts pertaining to the Company's business and operations which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company engaged in college application fraud; and (2) as a result, Defendants' statements about the Company's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

**The Truth Emerges**

19. On December 2, 2016, *Reuters* published a report detailing allegations of academic fraud at the company. Specifically, *Reuters* reported that eight former and current New Oriental employees informed *Reuters* that New Oriental "engaged in college application fraud, including writing application essays and teacher recommendations, and falsifying high school transcripts."

5

20. On that same day, *Reuters* reported that the American International Recruitment Council, which certifies agencies that recruit foreign students on behalf of U.S. colleges, will investigate the company in response to the *Reuters* report.

21. On this news, shares of the Company fell $6.99 per share or over 14% from its previous closing price to close at $42.00 per share on December 2, 2016, damaging investors.

22. As a result of Defendants' wrongful acts and omissions and the precipitous decline in the market value of the Company's securities and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired New Oriental ADSs traded on the NYSE during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosure. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

24. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, New Oriental ADSs were actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by New Oriental or its transfer agent and may be

notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

25. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

26. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

27. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

a. whether the federal securities laws were violated by Defendants' acts as alleged herein;

b. whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of New Oriental;

c. whether the Individual Defendants caused New Oriental to issue false and misleading financial statements during the Class Period;

d. whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

e. whether the prices of New Oriental ADSs during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

   f. whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

28. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them. There will be no difficulty in the management of this action as a class action.

29. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

   a. Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

   b. the omissions and misrepresentations were material;

   c. New Oriental ADSs are traded in an efficient market;

   d. the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

   e. the Company traded on the NYSE;

   f. the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's ADSs; and

   g. Plaintiff and members of the Class purchased, acquired and/or sold New Oriental ADSs between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

30. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

31. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## FIRST CAUSE OF ACTION

### Violation of Section 10(b) of the Exchange Act Against and Rule 10b-5 Promulgated Thereunder Against All Defendants

32. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

33. This cause of action is asserted against all Defendants.

34. During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to, and throughout the Class Period, did: (1) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase and/or sell New Oriental's ADSs at artificially inflated and distorted prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, individually and as a group, took the actions set forth herein.

35. Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of New Oriental as specified herein.

36. Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of New Oriental's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about New Oriental and its business operations and financial condition in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers New Oriental ADSs during the Class Period.

37. Each of the Defendants' primary liability, and controlling person liability, arises from the following: (a) Defendants were high-level executives, directors, and/or agents at the Company during the Class Period and members of the Company's management team or had control thereof; (b) by virtue of their responsibilities and activities as senior officers and/or directors of the Company, were privy to and participated in the creation, development and reporting of the Company's plans, projections and/or reports; (c) Defendants enjoyed significant personal contact and familiarity with the other members of the Company's management team, internal reports and other data and information about the Company's, operations, and (d) Defendants were aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

38. Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such

Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing New Oriental's financial condition from the investing public and supporting the artificially inflated price of its ADSs. As demonstrated by Defendants' false and misleading statements during the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by failing to take steps necessary to discover whether those statements were false or misleading.

39. As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price for New Oriental's ADSs was artificially inflated during the Class Period.

40. In ignorance of the fact that market prices of New Oriental's publicly-traded ADSs were artificially inflated or distorted, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the Company's ADSs trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by Defendants but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired New Oriental's ADSs during the Class Period at artificially high prices and were damaged thereby.

41. At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding New Oriental's financial results and condition, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired New Oriental ADSs, or,

if they had acquired such ADSs during the Class Period, they would not have done so at the artificially inflated prices or distorted prices at which they did.

42. By virtue of the foregoing, the Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

43. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's ADSs during the Class Period.

44. This action was filed within two years of discovery of the fraud and within five years of Plaintiff's purchases of ADSs giving rise to the cause of action.

## SECOND CAUSE OF ACTION

### Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

45. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

46. This second cause of action is asserted against each of the Individual Defendants.

47. The Individual Defendants acted as controlling persons of New Oriental within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, agency, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of aspects of the Company's dissemination of information to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contend are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other

12

statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued, and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

48. In particular, each of these Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

49. As set forth above, New Oriental and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.

50. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act as they culpably participated in the fraud alleged herein. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

51. This action was filed within two years of discovery of the fraud and within five years of Plaintiff' purchases of ADSs giving rise to the cause of action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action, designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Class Counsel;

b. Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of

Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

      c.      Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

      d.      Awarding such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: December 15, 2016                Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/Laurence M. Rosen
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

Counsel for Plaintiff