Scott D. Musoff
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(scott.musoff@skadden.com)
(212) 735-3000

*Attorneys for Defendant New Oriental
Education & Technology Group Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
AMY CHAN, individually and on behalf of all :
others similarly situated,                  :
                                            :   Civil Action No.
                                            :   2:16-cv-09279-KSH-CLW
                       Plaintiff,           :
                                            :
                                            :
            vs.                             :
                                            :
NEW ORIENTAL EDUCATION &                    :
TECHNOLOGY GROUP INC., MICHAEL              :
MINHONG YU, CHENGGANG ZHOU, and            :
ZHIHUI YANG,                                :
                                            :
                       Defendants.          :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## DEFENDANT'S RESPONSE TO MOTION FOR
## <u>APPOINTMENT OF LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD COUNSEL</u>

Defendant New Oriental Education & Technology Group Inc. ("Defendant")[1] respectfully submits this response to the Motion of Amy Chan, Steven Wade, and Shunfeng Cheng to: (1) Appoint Lead Plaintiffs; and (2) Approve Lead Plaintiffs' Selection of Counsel (ECF No. 7).[2]

Defendant takes no position on the appointment of lead plaintiff or approval of lead counsel.  However, Defendant respectfully submits that any decision as to the appointment of lead plaintiff is without prejudice to any determination made in connection with class certification in the event the complaint survives a motion to dismiss.  The preliminary determination of Rule 23 factors for purposes of appointing a lead plaintiff is not the same – and should not predetermine – how the Court might resolve such factors should this case reach the class certification stage.  *See In re Lucent Techs. Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 486 n.18 (D.N.J. 2001); *see also Sklar v. Amarin Corp. PLC*, Civil Action No. 13–cv–06663 (FLW)(TJB), 2014 WL 3748248, at *6 (D.N.J. July 29, 2014) (Wolfson, J.) (explaining that "only a preliminary showing" of adequacy and typicality is required for appointment of lead plaintiff).

Dated: February 27, 2017

/s/ Scott D. Musoff
Scott D. Musoff
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(scott.musoff@skadden.com)
(212) 735-3000

*Attorneys for Defendant New Oriental Education & Technology Group Inc.*

---

[1]   Defendant does not waive, and expressly preserves, all defenses.
[2]   Movant Shunfeng Cheng previously sought appointment as lead plaintiff individually (ECF Nos. 5-6), but withdrew that motion on February 17, 2017 (ECF No. 8).

2

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that a copy of Defendant's Response to Motion for

Appointment of Lead Plaintiffs and Approval of Co-Lead Counsel was filed electronically with

the United States District Court for the District of New Jersey through the Court's ECF System

on this date. The Notice of Electronic Filing constitutes service on all parties under Rule 14(b)(1)

of this Court's Electronic Case Filing Policies and Procedures listed in L. Civ. R. 5.2.

Dated: February 27, 2017

/s/ Scott D. Musoff
Scott D. Musoff
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
