**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Plaintiffs*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMY CHAN, STEVEN WADE, SHUNFENG CHENG, and ELBURN IRISH INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>NEW ORIENTAL EDUCATION & TECHNOLOGY GROUP INC., and CHENGGANG ZHOU,<br><br>Defendants. | No.: 2:16-cv-09279-KSH-CLW<br><br>CLASS ACTION |

**NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS**

## PRELIMINARY STATEMENT

**PLEASE TAKE NOTICE** that Lead Plaintiffs Amy Chan, Steven Wade, and Shunfeng Cheng ("Plaintiffs"), through their counsel will, and do, move this Court for an Order: (a) approving the administrative determinations of Strategic Claims Services ("SCS"), accepting and rejecting the claims submitted as recommended herein and in the Declaration of Josephine Bravata Concerning The Results of the Claims Administration Process (the "Bravata Declaration") (Exhibit 1 hereto); and (b) directing distribution of the Net Settlement Fund to Authorized Claimants.

In support of this Motion, Plaintiffs submit the following Memorandum of Law, the Bravata Declaration, and a Proposed Order.

## MEMORANDUM OF LAW

### I. INTRODUCTION

On June 4, 2021, the Court entered the Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order") (ECF No. 84).

On October 20, 2021, the Court entered the Final Judgment and Order of Dismissal with Prejudice (the "Final Judgment") (ECF No. 94).

Lead Counsel[1] has been advised by the court-appointed Claims Administrator, SCS, that it has completed all analyses and accounting procedures in connection with the proofs of claim submitted by those persons who responded to the Notice, and has determined which of those persons are Authorized Claimants. *See* Bravata Declaration at ¶¶3, 6-9.

All that remains to complete the Settlement process is to distribute the Net Settlement Amount to the Authorized Claimants. *See* Stipulation at 5.3. Thus, Lead Counsel requests that the Court authorize the distribution of the Net Settlement Fund to the Authorized Claimants.

## II. DETERMINATION OF AUTHORIZED CLAIMANTS

### A. Deficient and Ineligible Claims

Pursuant to the Preliminary Approval Order, all claims were to be submitted to the Claims Administrator by October 26, 2021. *See*, *e.g.*, Preliminary Approval Order at ¶¶6, 13. The Claims Administrator has finalized its determination of which claims are authorized and which are ineligible. *See* Bravata Declaration at ¶7.

SCS initially identified 56 inadequately documented claims. SCS mailed or emailed inadequacy notices to each of these claimants, advising them of the nature of their inadequacy and providing them an opportunity to cure. A sample inadequacy

[1] All capitalized terms herein, unless otherwise indicated, have the same meaning and definition as given to them in the Stipulation of Settlement, dated June 1, 2020 (the "Stipulation") (ECF No. 80).

notice is annexed to the Bravata Declaration as Exhibit C. Among these 56 deficient claims, 14 have been successfully cured and are considered valid. The remaining 42 inadequate claimants either did not respond to the inadequacy notice or responded with inadequate documentation and were sent a rejection notice setting forth the reason for their inadequacy. To date, none of the 42 inadequate claimants has objected to or contested this determination. *See* Exhibit D of the Bravata Declaration for a list of the inadequate, rejected claimants.

In addition to the 42 claims discussed above, SCS has identified 2,044 claims which it recommends for complete rejection. Included in this category are: (i) claims with American Depositary Shares ("ADSs") of New Oriental Education and Technology Group Inc. ("New Oriental") purchased outside of the Class Period; (ii) claims with no Recognized Losses; (iii) duplicate claims; (iv) ADSs of New Oriental that were not purchased or otherwise acquired, but were received or granted by gift, inheritance, or operation of law; (v) claims with shares sold short; (vi) claims withdrawn by the filing entity; and (vii) fraudulent claims. *See* Exhibit E of the Bravata Declaration for a list of these ineligible claims. SCS has communicated with these 2,044 claimants and advised them of the determination. A sample ineligibility notice is annexed to the Bravata Declaration as Exhibit F. To date, none of these ineligible claimants has contested the determination.

**B. Properly Documented Claims**

SCS has identified 1,292[2] properly documented valid claims. Bravata Declaration ¶7.a. These valid claims represent Recognized Losses of $40,407,707.51. These valid claims were calculated in the manner set forth in the Court-approved Plan of Allocation of the Net Settlement Fund ("Plan of Allocation"), included in the Notice. Exhibit B-1 is a spreadsheet of the 1,282 properly documented and timely submitted claims. Exhibit B-2 is a spreadsheet of the 10 claims submitted after the Court-approved claims filing deadline, October 26, 2021, and on or before June 23, 2022.

The Court should accept all late but otherwise valid claims submitted after October 26, 2021, but received by SCS on or before June 23, 2022, because the untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund to the Class, or otherwise prejudiced any Authorized Claimant. *Id.*, ¶6, fn.2; *see In re "Agent Orange" Product Liability Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the optout claimants to the class action should be relatively small. No significant administrative costs need be incurred to

[2] This number includes 1,282 timely filed valid claims and 10 late but otherwise valid claims.

allow the late claims and opt-out claims."); *see also In re Crazy Eddie Securities Litigation*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (court allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds).

Plaintiffs respectfully request that the Court approve the 1,292 properly documented claims as listed in Exhibits B-1 and B-2 of the Bravata Declaration.

## III. DISTRIBUTION OF THE NET SETTLEMENT AMOUNT

Pursuant to the Stipulation:

> The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit selected by Lead Counsel.

Stipulation at 5.5.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court decide this motion on the papers, and approve and enter the [Proposed] Order on Distribution of Class Settlement Funds, filed herewith.

Dated: June 13, 2023

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Laurence M. Rosen
Laurence M. Rosen
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Telephone: (973) 313-1887
Facsimile: (973) 833-0399
lrosen@rosenlegal.com

**THE ROSEN LAW FIRM, P.A.**
Jonathan Horne (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827

**POMERANTZ LLP**
Jeremy A. Lieberman (not admitted)
Tamar A. Weinrib (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: taweinrib@pomlaw.com

*Co-Lead Counsel for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on this thirteenth day of June 13, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Laurence M. Rosen